FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 15 2002

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
TERRY EUGENE TONASKET,        )
                              )
                              )
          Plaintiff,          )   No. CS-00-0482-AAM
                              )
     v.                       )   ORDER GRANTING
                              )   MOTION TO DISMISS
                              )
FREDERICK KIGA, Director,     )
Washington State Dept.        )
of Revenue, et al.,           )
                              )
                              )
          Defendants.         )
_____)
```

**BEFORE THE COURT** is the defendants' Motion to Dismiss (Ct. Rec. 24).

**I. BACKGROUND**

On August 7, 2001, this court entered an "Order Granting Motion to Dismiss" (Ct. Rec. 17) in which it dismissed **without prejudice** the plaintiff's civil contempt claim and afforded him an opportunity to submit an amended complaint stating a contempt claim upon which relief could be granted. The court dismissed **with prejudice** the plaintiff's non-contempt claims, finding it lacked subject matter jurisdiction over those claims because of the Tax Injunction Act, 28 U.S.C. §1341.

**ORDER GRANTING MOTION TO DISMISS- 1**

On August 27, 2001, plaintiff filed a First Amended Complaint. Defendants now move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants allege that plaintiff lacks standing to pursue the contempt claim set forth in his amended complaint and that the amended complaint restates claims which this court already dismissed with prejudice because of the Tax Injunction Act.

## II. DISCUSSION

### A. 12(b)(6) Standard

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. <u>Mendocino Environmental Center v. Mendocino County</u>, 14 F.3d 457, 460 (9th Cir. 1994); <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes

**ORDER GRANTING MOTION TO DISMISS- 2**

of the motion. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

### B. Contempt Claims

In its previous order, this court found "nothing on the face of WAC 458-20-192 indicating it is contrary to the 1981 injunction" entered in <u>Confederated Tribes of the Colville Indian Reservation, et al., v. State of Washington, et al.</u>. (August 7, 2001 "Order Granting Motion to Dismiss" at p. 11). According to this court:

> WAC 458-20-192(9)(e) specifically exempts from the tobacco tax Indian distributors who take delivery of the tobacco in Indian country. Furthermore, persons who purchase tobacco products from Indians who are exempt from the tobacco tax do not have to pay tobacco tax on the product. Of course, the fact the regulations appear facially valid does not preclude the possibility that they are being applied in a fashion which is contrary to the 1981 injunction. However, the court also fails to find in plaintiff's complaint allegations of particular instances where defendants have failed to comply with the 1981 injunction. Rather, plaintiff makes a general and sweeping assertion that defendants have made 'many seizures of tobacco products of American Indians while in transit to Indian reservations and still threaten seizures' and that when 'cigarette seizures are made by the Defendants, . . . tobacco products . . . are [also] seized.' Plaintiff does not even allege that he has been the victim of one of these alleged seizures and so there is also a question whether he is a 'real party in interest.' To support a judgment of civil contempt, the district court must find that the party violated the order, beyond substantial compliance, not

**ORDER GRANTING MOTION TO DISMISS- 3**

> based on a good faith and reasonable interpretation of the order, and by clear and convincing evidence. <u>Go-Video, Inc. v. The Motion Picture Association of America</u>, 10 F.3d 693, 695 (9th Cir. 1993). The allegations of civil contempt in plaintiff's complaint do not suggest there is clear and convincing evidence that defendants have violated the 1981 injunction beyond substantial compliance and not based on a good faith and reasonable interpretation of that injunction . . . .
>
> Plaintiff may be able to allege additional facts, at least regarding the application of the aforementioned WAC provisions, to show that the 1981 injunction has been violated and that he is a 'real party in interest.'  Therefore, plaintiff's claim for civil contempt will be dismissed **without prejudice** for failure, at present, to state a claim upon which relief can be granted.

(August 7, 2001 "Order Granting Motion To Dismiss" at pp.11-13).

At Paragraph 18 of his amended complaint, plaintiff alleges that he requires "extensive discovery" from the State of Washington in order to document all violations of the 1981 injunction, and then proceeds, commencing at Paragraph 18.1 through 18.6, to list the violations "known to Plaintiff at this time."

Paragraph 18.1 alleges plaintiff was indicted in federal court in the Eastern District of Washington in 1991, <u>U.S. v. Terry Tonasket</u>, CR-94-094-JLQ, but that this indictment was subsequently dismissed. Plaintiff alleges that proceeds he obtained from the sale of non-cigarette tobacco items were seized by federal Alcohol Tobacco and Firearms agents in "active concert" with the state defendants. It is not clear whether plaintiff alleges the fact of the indictment amounts to a violation of the 1981 injunction, or that it is the seizure of proceeds from the sale of non-cigarette tobacco items which is a violation, or both. Judge Quackenbush's

**ORDER GRANTING MOTION TO DISMISS- 4**

September 19, 1994 memorandum opinion and order dismissing the indictment, U.S. v. Brigman, 874 F.Supp. 1125 (E.D. Wash. 1994), makes no mention of the 1981 injunction and no mention of RCW 82.26 (tobacco tax versus cigarette tax provided for in RCW 82.24). Judge Quackenbush found that the indictments against the defendants, including Terry Tonasket, did not state an offense, because Washington law does not prohibit an Indian from purchasing unstamped cigarettes from out-of-state distributors, transporting those cigarettes across state lines into Washington and possessing them in Washington. 874 F.Supp. at 1134. The cigarettes which were seized were sold by the Washington Department of Revenue pursuant to court order. Judge Quackenbush ordered the Department of Revenue to return the proceeds of those sales to the owners of the smoke shops that were illegally searched. Id. at 1138. Plaintiff Tonasket does not contend that seized proceeds were not returned to him.

The federal government brought the indictment against the plaintiff, not the State of Washington. Hence, even assuming the indictment somehow amounted to a violation of the 1981 injunction, it appears the federal government is responsible, not the State of Washington. Furthermore, while there likely is no specific statute of limitations applicable to plaintiff's contempt claim[1], the

---

[1] See Donovan v. Sureway Cleaners, 656 F.2d 1368 (9th Cir. 1981)(statute of limitations applicable to underlying overtime violations did not apply to civil contempt proceedings brought by Secretary of Labor to enforce an outstanding injunction granted in a prior action). "Civil contempt is a proceeding instituted in furtherance of an existing cause of action. It merely remedies the disobedience of an injunction already entered by the

**ORDER GRANTING MOTION TO DISMISS- 5**

equitable doctrine of laches would seem to apply insofar as plaintiff is seeking equitable relief (an injunction).[2] The indictment against plaintiff and the alleged seizure of proceeds from the sale of non-cigarette tobacco products occurred over eight years ago. Plaintiff offers no explanation why he has waited until now to assert a claim for contempt. Eight plus years is an unreasonable period of delay.[3]

Most importantly, however, the court must conclude that plaintiff does not have standing to assert a contempt claim. Article III of the U.S. Constitution limits a federal court to the adjudication of actual "cases" and "controversies." In order to establish standing, a party must show a "distinct" and "palpable" injury that is neither "abstract" or "hypothetical." Whitaker Corporation v. Execuair Corporation, 953 F.2d 510, 520 (9th Cir. 1992), quoting Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324 (1984). Plaintiff does not allege any distinct and palpable injury arising from his federal indictment or the alleged seizure of proceeds from his sale of non-cigarette tobacco products. The

---

court." Id. at 1374.

[2] See e.g. Aris Isotoner, Inc. v. Berkshire Fashions, Inc., 924 F.2d 465 (2nd Cir. 1991).

[3] A party asserting laches must show it has suffered prejudice as a result of plaintiff's unreasonable delay in bringing suit. Danjaq, LLC v. Sony Corp., 263 F.3d 942, 951 (9th Cir. 2001). "Laches is an equitable time limitation on a party's right to bring suit." Boone v. Mech. Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979). It rests on the maxim that "one who seeks the help of a court of equity must not sleep on his rights." Piper Aircraft, Corp., 741 F.2d 925, 939 (7th Cir. 1984).

**ORDER GRANTING MOTION TO DISMISS- 6**

indictment was dismissed. The only relief plaintiff seeks regarding contempt is prospective in nature: order of contempt against any agent, employee, attorney, or any person who is actively in concert with the State of Washington, to promulgate any regulation of Washington state's tobacco tax act, RCW 82.26, that applies to plaintiff as an American Indian engaging in business on the Colville Indian Reservation; order of contempt against defendants, or any person who acts in concert with them, to engage in a manner to assess tobacco taxes against plaintiff or to seize or confiscate any containers of tobacco products owned or transported in any way by plaintiff when destined to or from the Colville Confederated Tribe Indian Reservation to plaintiff's retail location. (First Amended Complaint at p. 51).[4] Plaintiff does not seek to remedy a current ongoing violation of the 1981 injunction (civil contempt) nor to punish an ongoing violation or a violation which has already occurred and now ceased (criminal contempt).

In Paragraphs 18.1 through 18.6 of his First Amended Complaint, plaintiff makes allegations that the 1981 injunction has been violated by the State of Washington with regard to other Native American individuals (Leonard Tonasket, Clifford Brigman, Dean Roland Fry, Ronald L. Paul, David Turnipseed) and the Squaxin

---

[4] At p. 8 of his First Amended Complaint, plaintiff states he "seeks protection from irreparable harm that will be caused him and the business carried on by him if Respondents' agents, all of which are aware of the permanent injunction, enter into his premises and seize his exempt tobacco products or interfere with his transportation of goods to the store."

**ORDER GRANTING MOTION TO DISMISS- 7**

Indian Tribe. Plaintiff cannot assert contempt claims on behalf of these individuals or on behalf of another Indian tribe. The standing doctrine includes "the general prohibition on a litigant's raising another person's legal rights." Whitaker Corporation, 953 F.2d at 520, quoting Allen, 468 U.S. at 750, 104 S.Ct. at 3324.[5]

Defendants also contend plaintiff lacks standing to enforce the 1981 injunction because he was not a party to the litigation that resulted in that injunction. Indeed, the plaintiffs in that litigation were the Confederated Tribes Of The Colville Indian Reservation, Lummi Indian Tribe, and Makah Indian Tribe. In its previous order, this court stated in a footnote that "[t]here is no dispute that plaintiff, as an enrolled member of the Colville Tribe, is entitled to seek enforcement of the 1981 injunction, notwithstanding that plaintiff was not a named individual party in the litigation which resulted in the injunction." (August 7, 2001 "Order Granting Motion To Dismiss" at p. 13, n. 7). The court made that statement, not because of any particular legal authority, but because from reading defendants' briefing submitted in conjunction with their first motion to dismiss, it could not see where they challenged plaintiff's standing to enforce the injunction, provided plaintiff could show some type of injury. In their current motion to dismiss, defendants clearly contend there is an even more

---

[5] The Squaxin Tribe was not a party to the litigation which produced the 1981 injunction. Furthermore, with one exception, the other individuals mentioned by plaintiff are members of tribes which were not parties to the litigation that produced the 1981 injunction (Ronald L. Paul- Blackfeet; David Turnipseed- Puyallup). The exception is Dean Roland Fry whom plaintiff alleges is an enrolled member of the Colville Confederated Tribe.

**ORDER GRANTING MOTION TO DISMISS- 8**

fundamental problem: the Tax Injunction Act precludes this court from exercising jurisdiction over plaintiff's contempt claim.

In its previous order, this court did not consider the Tax Injunction Act to constitute a jurisdictional bar of plaintiff's contempt claim because it is a fundamental principle of law that federal courts have inherent and statutory authority to punish contempt and to coerce compliance with their orders. <u>International Union, UMWA v. Bagwell</u>, 512 U.S. 821, 831-32, 114 S.Ct. 2552, 2559-60 (1994); 18 U.S.C. Sections 401 and 402. The Tax Injunction Act was not at issue in the litigation that resulted in the 1981 injunction because Indian tribes commenced that litigation pursuant to 28 U.S.C. §1362. §1362 confers on an Indian tribe suing in federal court the exception to the Tax Injunction Act that would be available to the United States if it sued on the tribe's behalf. <u>Moe v. Confederated Salish and Kootenai Tribes of the Flathead Reservation</u>, 425 U.S. 463, 96 S.Ct. 1634 (1976). According to defendants, only the tribes who were parties to the litigation that resulted in the 1981 injunction are entitled to seek to enforce that injunction by way of contempt. Plaintiff, even though an enrolled member of the Colville Tribe, cannot do so, say defendants, because of the Tax Injunction Act. According to defendants: "We are aware of no case law that would allow an individual, not a party to the original action, to circumvent the TIA [Tax Injunction Act] by arguing contempt of a previously issued order. And he has cited no authority to the contrary."

It is true that plaintiff has not cited any such authority,

**ORDER GRANTING MOTION TO DISMISS- 9**

nor has this court been able to find any such authority. On the other hand, defendants have not provided any clear legal authority that an individual enrolled member of a tribe is not entitled to seek enforcement of a previously issued injunction that, although obtained by the tribe, is clearly intended for the benefit of individual enrolled members of that tribe. Moreover, in the criminal contempt context, as opposed to the civil contempt context, it is the court which seeks to punish violation of an injunction which it issued and to deter future violations. Plaintiff apparently alleges that the contempt here is not only civil in nature, but criminal as well (he mentions 18 U.S.C. §401(3) in his jurisdictional statement at p. 1 of First Amended Complaint)[6], although he does not specifically ask for any relief which could be considered punishment (i.e., a fine).[7] A criminal contempt violation may be brought to the court's attention by way of a petition for civil contempt.[8]

---

[6] 18 U.S.C. §401(3) provides that "[a] court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as- . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree or command".

[7] He does ask for "other and further relief as may be deemed just and appropriate." (Pg. 57 of First Amended Complaint).

[8] If the purpose of the court's order is to punish past defiance and to vindicate the court's judicial authority, it is a criminal sanction. Criminal contempt must be proved beyond a reasonable doubt. Civil contempt sanctions are employed to coerce a defendant into compliance with a court's order, and to compensate the complainant for losses sustained. Civil contempt sanctions are remedial, whereas criminal contempt sanctions are punitive in nature. <u>Whitaker Corporation</u>, 953 F.2d at 517. As the court noted in its previous order, the standard of proof for

**ORDER GRANTING MOTION TO DISMISS- 10**

It appears there is a bona fide issue whether the Tax Injunction Act precludes plaintiff from seeking to enforce the 1981 injunction by way of civil contempt. Resolution of that issue, however, is not essential here. The alleged violations of the injunction which plaintiff asserts are personal to himself do not amount to actionable civil contempt because: 1) the State of Washington is not responsible for the violation and/or 2) the doctrine of laches bars plaintiff's request for equitable relief and/or 3) plaintiff has not alleged a distinct and palpable injury to himself.

The Tax Injunction Act does not preclude this court from enforcing the injunction by way of criminal contempt, although this court does not believe the alleged violations which plaintiff asserts are personal to himself rise to the more serious level of criminal contempt violations. Nor is the court, based on the allegations set forth in plaintiff's First Amended Complaint, inclined to initiate its own prosecution for alleged criminal contempt.

Plaintiff's First Amended Complaint fails to state a contempt claim upon which relief can be granted, whether that is civil contempt or criminal contempt. Plaintiff should know if the injunction has been violated as to him personally and he has sustained a distinct and palpable injury. He will not be allowed to conduct discovery to find out whether or not that is true.

---

civil contempt is "clear and convincing evidence."

**ORDER GRANTING MOTION TO DISMISS- 11**

C.  **Non-Contempt Claims**

Plaintiff's First Amended Complaint realleges all of the non-contempt claims which this court already found are barred by the Tax Injunction Act.  Plaintiff's "Memorandum in Opposition To Defendants' Motion To Dismiss First Amended Complaint" seems to suggest this court should reconsider its determination.

Plaintiff cites a District of Idaho case, Coeur d'Alene Tribe v. Hammond, CIV-02-185-S-BLW, which in addition to being an unpublished decision which cannot be considered by this court per LR 7.1(g)(2), makes no mention of the Tax Injunction Act.

Plaintiff suggests this court can exercise 28 U.S.C. §1367(a) supplemental jurisdiction over his non-contempt claims,[9] but it is not apparent to this court that he alleges any pendent state law claims.  Even assuming he has alleged pendent state law claims, he cites no authority that supplemental jurisdiction can be used to circumvent the Tax Injunction Act.  The Tax Injunction Act is a jurisdictional bar to federal interference in the sensitive area of state and local taxation.  Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1046 n.5 (9th Cir. 2000); American Landfill, Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Management Dist., 166 F.3d 835, 839-40 (6th Cir. 1999).  If the court exercised supplemental jurisdiction over plaintiff's non-

---

[9] All of plaintiff's non-contempt claims appear to be §1983 claims over which this court would have original federal question jurisdiction pursuant to 28 U.S.C. §1331.  Plaintiff does not even cite 28 U.S.C. §1367(a) in the jurisdictional statement in his First Amended Complaint (pp. 1-5).

**ORDER GRANTING MOTION TO DISMISS- 12**

```
 1  contempt claims, it would render the Tax Injunction Act a nullity.[10]
 2      There is no basis for this court to reconsider its previous
 3  dismissal of plaintiff's non-contempt claims pursuant to the Tax
 4  Injunction Act.  The court did not "clearly err" in dismissing
 5  those claims.
 6  //
 7  //
 8  //
 9  //
10  //
11  //
12  //
13  //
14  //
15  //
```

---

[10] Plaintiff contends federal preemption is a reason this court should exercise supplemental jurisdiction. As this court made clear in its previous order, a defense of federal preemption can be adjudicated in state court and a state court will apply federal law in areas where federal law controls. All of a state court's rulings with regard to federal claims, including federal preemption, are subject to ultimate review by the U.S. Supreme Court pursuant to 28 U.S.C. §1257(a). ("Order Granting Motion To Dismiss" at p. 15).
Plaintiff cites Agua Caliente Band of Cahuilla Indians v. Hardin, 223 F.3d 1041, 1049 (9th Cir. 2000), and Duke Energy Trapping and Marketing v. Davis, 267 F.3d 1042, 1053 (9th Cir. 2001), as "carv[ing] exceptions to the anti-injunction law when prospective relief is requested." The Tax Injunction Act did not bar the action in Agua Caliente because an Indian tribe brought the suit under 28 U.S.C. §1362, as opposed to an Indian individual like plaintiff in the case at bar. 223 F.3d at 1046, n.5. The Tax Injunction Act simply was not at issue in Duke Energy, nor was it at issue in N.L.R.B. v. Pueblo of San Juan, 276 F.3d 1186, 1190 (10th Cir. 2002), another case cited by plaintiff.

**ORDER GRANTING MOTION TO DISMISS- 13**

## III. CONCLUSION

Defendant's "Motion To Dismiss First Amended Complaint" (Ct. Rec. 24) is **GRANTED**. Plaintiff's First Amended Complaint is **DISMISSED with prejudice**. The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel.

DATED this 15-th of October, 2002.

/s/ Alan A. McDonald
ALAN A. McDONALD
Senior United States District Judge

ORDER GRANTING MOTION TO DISMISS- 14